13-3945-cr
United States v. Scott

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of June, two thousand fifteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             CHRISTOPHER F. DRONEY,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                              *Appellee*,

             v.                                        13-3945-cr

LACEY SCOTT, AKA Collin Watson,

                              *Defendant-Appellant*.

_____


Appearing for Appellant:     Jesse M. Siegel, Law Office of Jesse M. Siegel, New York, N.Y.

Appearing for Appellee:      Ian P. McGinley, Assistant U.S. Attorney for the Southern District of New York (Michael A. Levy, Assistant U.S. Attorney, Preet Bharara, U.S. Attorney, *on the brief*), New York, N.Y.


Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Lacey Scott appeals from the October 9, 2013 judgment of the District Court for the Southern District of New York (Sullivan, *J.*) convicting him of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and illegal reentry, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). The district court sentenced Scott principally to 108 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Scott challenges his sentence as procedurally unreasonable. He contends that in determining his criminal history category, the district court failed adequately to explain its basis for counting his 2005 federal sentences for firearms and drug offenses as separate sentences under U.S.S.G. § 4A1.2(a)(2) and thereby imposing three additional criminal history points.

We review a district court's sentence for reasonableness. Under this "deferential abuse-of-discretion standard," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted), a district court commits procedural error where it "makes a mistake in its Guidelines calculation . . . or rests its sentence on a clearly erroneous finding of fact," *id.* at 190. The factual determinations underlying a district court's Guidelines calculation are reviewed for clear error. *United States v. Conca*, 635 F.3d 55, 62 (2d Cir. 2011). With respect to disputed issues of fact, a "district court must make findings with sufficient clarity to permit meaningful appellate review." *United States v. Skys*, 637 F.3d 146, 152 (2d Cir. 2011).

Section 4A1.2(a)(2) of the Guidelines provides that where prior sentences "resulted from offenses contained in the same charging instrument" or "were imposed on the same day" those sentences are counted as a single sentence unless "imposed for offenses that were separated by an intervening arrest." U.S.S.G. § 4A1.2(a)(2). Thus, to treat the sentences imposed in 2005 as separate sentences for the purpose of determining the number of applicable criminal history points, the district court was required to find that Scott was arrested for the August 22, 2003 firearms offense prior to committing the September 1, 2004 drug and firearms offenses.

Here, the district court relied on facts contained in the presentence report and the 2005 charging instrument provided by the government at sentencing in implicitly concluding that an intervening arrest occurred. Indeed, the questions posed to the parties by the district court make clear that it understood count one of that instrument "relate[d] to conduct that took place on August 22nd for which there was an arrest." While the district court might have been more expansive in explaining the basis for determining that this arrest satisfied the Section 4A1.2(a)(2) requirement of an intervening arrest, its ultimate finding was not clearly erroneous. Counsel for Scott conceded as much at oral argument, and we note that Scott agreed in his plea agreement that he "was arrested for the offense charged in Count One [on] or about August 22, 2003." We decline, therefore, to remand for clarification of the record where, as here, the district court's findings were rendered with sufficient clarity to permit meaningful review.

We have considered the remainder of Scott's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk